**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

DARANA HYBRID, INC.,

Plaintiff,

v.

CTC PROPERTY LLC AND
MZX TECH LLC,

Defendants.

Case No. ________________

**NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1441 and 1446, Defendants CTC Property LLC ("CTC") and MZX Tech LLC ("MZX") (together, "Removing Defendants") give notice of removal of this action from the Chancery Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee.[1] Removal is based upon this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). In support, Removing Defendants state as follows:

[1] Removing Defendants reserve the right to assert all motions, defenses, objections, and counterclaims to Plaintiff's operative Complaint. By removal of this action, Removing Defendants do not waive any defense (including, but not limited to, personal or subject-matter jurisdiction, venue, failure to state a claim, and insufficiency of service), objection, right, or claim. Nor shall any notice of appearance, motion for an extension of time, application for admission (*pro hac vice* or otherwise), or any other submission, or participation in any court-scheduled or court-required conferences or hearings regarding Plaintiff's Complaint or other filings, waive any defense or objection to the Complaint.

## I. THE STATE COURT ACTION

1. On August 3, 2026, Plaintiff Darana Hybrid, Inc. ("Darana") filed a civil action against Removing Defendants in the Chancery Court of Shelby County, Tennessee (the "State Court"), bearing Case No. CH-26-1062 ("State Court Action").

2. The State Court Action asserts claims for breach of contract, unjust enrichment, violation of Tennessee's Prompt Payment Act, Tenn. Code Ann. § 66-34-101 *et seq.*, and to enforce mechanic's and materialmen's liens.

3. Removing Defendants were both served with process in the State Court Action on August 4, 2026 by registered agent.

## II. BASIS FOR FEDERAL JURISDICTION (28 U.S.C. § 1332)

4. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a)(1) because the matter is between citizens of different states and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Complete diversity of citizenship exists because the Plaintiff is not a citizen of the same state as any Removing Defendant.

6. The citizenship of the parties is as follows:

   a. Plaintiff Darana Hybrid, Inc. is a citizen of Tennessee and Ohio for purposes of diversity jurisdiction because it is a Tennessee corporation that maintains its principal place of business in Ohio.

   b. Defendant CTC Property LLC is a citizen of Nevada and Texas for purposes of diversity jurisdiction because it is a limited liability company managed by its sole member, x.AI LLC, which is a citizen of Nevada and Texas because it is managed by its sole member, x.AI Corp. x.AI Corp. is a Nevada corporation with its principal place of business in Texas.

c. Defendant MZX Tech LLC is a citizen of Nevada and Texas for purposes of diversity jurisdiction because it is a limited liability company managed by its sole member, CTC, which is a citizen of Nevada and Texas.

7. The amount in controversy also exceeds $75,000, exclusive of interest and costs, as alleged by the Complaint, which seeks damages of $136,892,782.78. See 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

8. Removal is not barred by the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) because no defendant who has been properly joined and served is a citizen of Tennessee.

9. Removal is not barred by the one-year limitation set forth in 28 U.S.C. § 1446(c)(1) because the State Court Action was filed less than one year ago.

## III. TIMELINESS AND PROCEDURAL COMPLIANCE

10. This Notice of Removal is timely because it is filed within thirty days of August 4, 2026, when Removing Defendants were served with the initial pleading. *See* 28 U.S.C. § 1446(b)(1).

11. The requirement that all defendants who have been properly joined and served must join in or consent to removal is met because the Removing Defendants are the only ones named in the State Court Action, and each joins in and consents to this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

12. This Notice of Removal contains a short and plain statement of the grounds for removal, together with copies of all process, pleadings, and orders served upon Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a).

## IV. ATTACHED STATE COURT DOCUMENTS

13. Pursuant to 28 U.S.C. § 1446(a), Local Rule 3.1, and the Court's ECF Policies and Procedures, the following documents from the State Court Action are attached hereto and filed herewith as exhibits:

a. Exhibit A, Summons and Complaint

b. Exhibit B, Civil Cover Sheet

14. The docket for the State Court Action additionally reflects that writs of attachment were issued as to 3231 Paul R Lowery Rd and 5420 Tulane Rd for service via the Shelby County Sheriff, but Removing Defendants have not been served with copies of these writs and they are not currently available through the Chancery Court ECF system.

## V. NOTICE TO ADVERSE PARTIES AND STATE COURT

15. Promptly after the filing of this Notice of Removal, written notice thereof will be given to all adverse parties, and a copy of this Notice will be filed with the Clerk of the Chancery Court of Shelby County, Tennessee. *See* 28 U.S.C. § 1446(d).

## VI. PRAYER FOR RELIEF

16. WHEREFORE, Removing Defendants respectfully request that this Court:

a. Accept removal of the State Court Action from the Chancery Court of Shelby County, Tennessee, to this Court;

b. Direct that this action proceed in this Court as though it had been originally commenced herein; and

c. Grant such other and further relief as this Court deems just and proper.

DATED: August 11, 2026

Respectfully submitted,

*/s/ Daniel W. Van Horn*

Daniel W. Van Horn (BPR 018940)
Kathryn K. Van Namen (BPR 031322)
Andrew B. Schrack (BPR 037624)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Tel.: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com
Kate.VanNamen@butlersnow.com
Andrew.Schrack@butlersnow.com

Joshua D. Branson (*PHV* application forthcoming)
Andrew C. Shen (*PHV* application forthcoming)
Matthew M. Duffy (*PHV* application forthcoming)
Dennis D. Howe (*PHV* application forthcoming)
Ryan M. Folio (*PHV* application forthcoming)
Stephanie E. Levin (*PHV* application forthcoming)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Office: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
ashen@kellogghansen.com
mduffy@kellogghansen.com
dhowe@kellogghansen.com
rfolio@kellogghansen.com
slevin@kellogghansen.com

*Counsel for Defendants CTC Property LLC and MZX Tech LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2026, the foregoing document was filed through the ECF system, which caused a copy of the document to be served on all registered participants identified on the Notice of Electronic Filing. Additionally, a true and exact copy of the foregoing has been served via email to the following:

Jeremy G. Alpert
Ross E. Webster
Glankler Brown, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Tel.: (901) 525-1322
Fax: (901) 525-2389
jalpert@glankler.com
rwebster@glankler.com

*Counsel for Plaintiff Darana Hybrid, Inc.*

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn