**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

DARANA HYBRID, INC.,

*Plaintiff*,

v. Case No. 2:26-cv-03037-BCL-atc

CTC PROPERTY LLC and
MZX TECH LLC,

*Defendants*.

---

**ANSWER TO VERIFIED COMPLAINT BY
DEFENDANTS CTC PROPERTY LLC AND MZX TECH LLC**

---

Defendants CTC Property LLC ("CTC") and MZX Tech LLC ("MZX") (together, "Defendants"), by and through their undersigned counsel, hereby Answer Plaintiff Darana Hybrid, Inc. ("Darana")'s Verified Complaint as follows:

**PARTIES[1]**

1. Defendants admit that Darana is a Tennessee corporation that maintains its principal place of business in Ohio. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1, and therefore they are denied.

2. Defendants admit that CTC is a limited liability company organized under the laws of Wyoming and that CTC maintains its principal place of business at 1450 Page Mill Road, Palo Alto, California 94304. Defendants deny the remaining allegations in Paragraph 2. CTC has one

---

[1] Defendants repeat the Complaint's headings for ease of reference only and do not admit the accuracy of any characterization contained therein.

member, X.AI LLC. X.AI LLC is a Nevada corporation with its principal place of business at 800 W Cesar Chavez Street, Austin, Texas 78701.

3. Defendants admit that MZX is a limited liability company organized under the laws of Wyoming and that MZX maintains its principal place of business at 1450 Page Mill Road, Palo Alto, California 94304. Defendants deny the remaining allegations in Paragraph 3. MZX has one member, CTC. CTC is a Wyoming corporation with its principal place of business at 1450 Page Mill Road, Palo Alto, California 94304.

## JURISDICTION AND VENUE

4. Defendants admit that they did business in Shelby County, Tennessee. The remaining allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the United States District Court for the Western District of Tennessee is the appropriate forum for this matter.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the United States District Court for the Western District of Tennessee is the appropriate forum for this matter.

6. The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Western Division of the United States District Court for the Western District of Tennessee is the appropriate venue for this matter.

## FACTS

7. Defendants admit that CTC and Darana entered into a Master Services Agreement (“MSA”) with an effective date of April 15, 2024. Defendants admit that the first 17 pages of Exhibit “A” are a true and accurate copy of the MSA. The remaining pages of Exhibit “A” represent Amendment One and Amendment Two to the MSA. To the extent Paragraph 7 purports

to characterize these documents, Defendants deny any characterization of the documents, which speak for themselves.

8. On information and belief, Defendants admit that Darana began providing Construction Services to the Colossus/Lowry Road jobsite on approximately March 10, 2024, and to the Macrohard/Tulane jobsite on approximately February 27, 2025. Defendants deny the remaining allegations in Paragraph 8. Defendants specifically deny that Darana performed in accordance with the MSA.

9. Defendants admit that CTC conveyed the parcel of real property located at 5420 Tulane Road, Memphis, Tennessee to MZX on or about June 27, 2025. Defendants further admit that CTC and MZX share common ownership and both maintain a principal place of business at 1450 Page Mill Road, Palo Alto, California 94304. Defendants admit that the real property located at 5420 Tulane Road is the site of the Macrohard data center project. Defendants further admit that Darana began providing Construction Services for the Macrohard project prior to June 27, 2025. Defendants deny the remaining allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10. Defendants specifically deny that Darana performed in accordance with the MSA.

11. Defendants deny the allegations in Paragraph 11. Defendants specifically deny that Darana performed in accordance with the MSA.

12. Defendants admit that they terminated Darana on June 23, 2026. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that Darana delivered a letter to CTC on July 28, 2026 purporting to give notice of its intent to seek relief under the Tennessee Prompt Pay Act. To the extent Paragraph 16 purports to characterize the document attached as Exhibit C, Defendants deny any characterization of the document, which speaks for itself.

17. Defendants admit that Darana delivered a letter to Defendants on July 29, 2026 purporting to provide a notice of nonpayment with regard to the property located at 5420 Tulane Road, Memphis, Tennessee. To the extent Paragraph 17 purports to characterize the document attached as Exhibit D, Defendants deny any characterization of the document, which speaks for itself.

18. Defendants admit that Darana recorded a document entitled Notice of Mechanic's and Materialmen's Lien with the Shelby County Register of Deeds on or about July 30, 2026. To the extent Paragraph 18 purports to characterize the document attached as Exhibit E, Defendants deny any characterization of the document, which speaks for itself.

19. Defendants admit that Darana recorded a document entitled Notice of Mechanic's and Materialmen's Lien with the Shelby County Register of Deeds on or about July 31, 2026. To the extent Paragraph 19 purports to characterize the document attached as Exhibit F, Defendants deny any characterization of the document, which speaks for itself.

20. Defendants deny the allegations in Paragraph 20.

## COUNT I - BREACH OF CONTRACT

21. Defendants incorporate their answers to all paragraphs of the Verified Complaint as if fully set forth herein.

22. Defendants admit that Darana entered into the MSA with CTC to provide services, and that Darana and CTC executed Amendment One and Amendment Two to the MSA. To the extent Paragraph 22 purports to characterize these documents, Defendants deny any

characterization of the documents, which speak for themselves. Defendants deny the remaining allegations in Paragraph 22.

23. The allegations in Paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23. Defendants further deny that Darana is entitled to any requested relief.

**COUNT II - QUANTUM MERUIT/UNJUST ENRICHMENT**

24. Defendants incorporate their answers to all paragraphs of the Verified Complaint as if fully set forth herein.

25. Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29. Defendants further deny that Darana is entitled to any requested relief.

**COUNT III - PROMPT PAYMENT VIOLATION**

30. Defendants incorporate their answers to all paragraphs of the Verified Complaint as if fully set forth herein.

31. Defendants deny that Darana is entitled to any relief under the Tennessee Prompt Payment Act. To the extent Paragraph 31 purports to characterize the Act, Defendants deny any characterization of the Act and its corresponding statutes, which speak for themselves.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35. Defendants further deny that Darana is entitled to any requested relief.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36. Defendants further deny that Darana is entitled to any requested relief.

**<u>COUNT IV - ENFORCEMENT OF MECHANIC'S AND MATERIALMEN'S LIENS</u>**

37. Defendants incorporate their answers to all paragraphs of the Verified Complaint as if fully set forth herein.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit that Darana recorded a document entitled Notice of Mechanic's and Materialmen's Lien with the Shelby County Register of Deeds. To the extent Paragraph 40 purports to characterize the document attached as Exhibit E, Defendants deny any characterization of the document, which speaks for itself. Defendants further deny that Darana is entitled to any requested relief.

41. Defendants admit that Darana recorded a document entitled Notice of Mechanic's and Materialmen's Lien with the Shelby County Register of Deeds. To the extent Paragraph 41 purports to characterize the document attached as Exhibit F, Defendants deny any characterization of the document, which speaks for itself. Defendants further deny that Darana is entitled to any requested relief.

42. To the extent Paragraph 42 purports to characterize the documents attached as Exhibit E and Exhibit F, Defendants deny any characterization of the documents, which speak for themselves. Defendants further deny that Darana is entitled to any requested relief.

43. Defendants deny that Darana is entitled to any requested relief.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with "WHEREFORE," Defendants deny that Darana is entitled to any requested relief. Defendants deny all allegations unless specifically admitted.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing responses or admitting any burden of proof that Defendants do not otherwise bear, Defendants assert the following affirmative defenses:

1. Darana's claims fail to state a claim upon which relief may be granted.

2. Defendants state that at all times relevant hereto they conducted themselves in good faith and in accordance with the MSA, as amended, and applicable laws.

3. Defendants have fulfilled any and all obligations and duties owed to Darana.

4. Darana's claims are barred, in whole or in part, by the express terms of the MSA.

5. Darana's claims are barred, in whole or in part, by the express terms of the Amendment(s) to the MSA.

6. Darana's claims are barred, in whole or in part, because Darana has failed to satisfy its contractual obligations.

7. Darana's claims are barred, in whole or in part, due to Darana's fraud against Defendants.

8. Darana's claims are barred, in whole or in part, by the doctrine of unclean hands.

9. Darana's claims are barred, in whole or in part, because Darana first breached the MSA.

10. Darana's claims are barred, in whole or in part, because Darana materially breached the MSA.

11. Darana's claims are barred, in whole or in part, to the extent that Defendants' alleged actions, if such actions were done at all, were justified.

12. Darana's claims are barred, in whole or in part, because Darana fraudulently induced Defendants into entering the MSA and any applicable Amendment(s).

13. Darana's breach of contract claim is barred because Defendants terminated Darana for cause.

14. Darana's breach of contract claim is barred because Defendants were entitled to terminate Darana for convenience.

15. Darana's breach of contract claim is barred because of a failure of a condition precedent for payment.

16. Darana's breach of contract claim is barred because of Darana's failure of consideration.

17. Darana's breach of contract claim is barred to the extent it claims anything other than Defendants' conduct only constitutes a partial breach and Defendants' alleged breach (which Defendants deny) was not material.

18. Darana's breach of contract claim is estopped because Darana's own conduct induced Defendants' alleged breach (which Defendants deny) and it would be inequitable to allow the claims to proceed.

19. Darana's Quantum Meruit/Unjust Enrichment claim is barred because the parties have express Agreements covering the same subject matter.

20. Darana's Quantum Meruit/Unjust Enrichment claim is barred because Darana has an adequate remedy at law.

21. Darana's Quantum Meruit/Unjust Enrichment claim is barred because of the Statute of Frauds.

22. Darana's Quantum Meruit/Unjust Enrichment claim is barred because Darana contractually waived this claim.

23. Darana's Quantum Meruit/Unjust Enrichment claim is barred because Defendants have made proper payments for the services and items received.

24. Darana's Quantum Meruit/Unjust Enrichment claim as against Defendant MZX is barred because Darana disclaimed third-party beneficiaries in the MSA.

25. Darana's Tennessee Prompt Payment Act claim is barred because Darana did not perform in accordance with the written contract.

26. Darana's Tennessee Prompt Payment Act claim is barred because Defendants reasonably withheld payment in accordance with the written contract.

27. Darana's Tennessee Prompt Payment Act claim is barred because Defendants reasonably withheld payment in accordance with their contractual right to withhold amounts otherwise due to the extent reasonably necessary to compensate for damages caused by Darana's breaches.

28. Darana's Tennessee Prompt Payment Act claim is barred because Darana first materially breached the contract.

29. Darana's Tennessee Prompt Payment Act claim is barred because Defendants provided Darana adequate legal reasons for the failure to make payment.

30. Darana's Tennessee Prompt Payment Act claim is barred, and Defendants do not owe attorneys' fees, because Defendants are withholding payment pursuant to a genuine, good-faith dispute about amounts owed.

31. Darana's Tennessee Prompt Payment Act claim is barred, and Defendants do not owe attorneys' fees, because Defendants honestly believe that payment is not owed.

32. Darana's Tennessee Prompt Payment Act claim is barred because Darana did not comply with the Act's written notice provisions.

33. Darana's Mechanic's and Materialmen's Liens claim is barred because Darana has willfully and grossly exaggerated the lien amounts.

34. Darana has suffered no damages resulting from any conduct on the part of Defendants.

35. Darana's damages, if any, were caused by Darana's own acts or omissions.

36. Darana's damages, if any, are barred because of Defendants' right of setoff.

37. Darana's damages, if any, are barred due to the doctrine of recoupment.

38. Darana's claims are barred, in whole or part, because Darana's claimed damages are legally uncertain, remote, indirect, and/or speculative.

39. To the extent Darana has failed to mitigate its damages, Darana's entitlement to which is expressly denied, Defendants are not responsible for those damages.

40. Darana's claims are barred because Darana is not entitled to the relief requested, as a grant of any such relief would be an unjust enrichment to Darana.

41. Darana's claim for attorney's fees is barred because (1) Darana fails to state a claim upon which litigation expenses and/or attorney's fees may be awarded; (2) Defendants committed no acts justifying an award of litigation expenses and/or attorney's fees; and (3) there exists a bona fide controversy between the parties, as shown by Defendants' Complaint filed against Darana in the United States District Court for the Western District of Tennessee on August 4, 2026, Case No. 2:26-cv-02994.

42. Defendants reserve the right to amend this responsive pleading.

WHEREFORE, Defendants CTC Property LLC and MZX Tech LLC respectfully request that this Court:

a) Enter judgment in favor of Defendants and against Darana on the Counts alleged in the Verified Complaint;

b) Grant such other and further relief as it may deem just and proper.

DATED: August 25, 2026

Respectfully submitted,

*/s/ Kathryn K. Van Namen*
Daniel W. Van Horn (BPR 018940)
Kathryn K. Van Namen (BPR 031322)
Andrew B. Schrack (BPR 037624)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Tel.: (901) 680-7200
Fax: (901) 680-7201
Danny.VanHorn@butlersnow.com
Kate.VanNamen@butlersnow.com
Andrew.Schrack@butlersnow.com

Joshua D. Branson (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Office: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com

*Counsel for Defendants CTC Property LLC and MZX Tech LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, the foregoing document was filed through the ECF system, which caused a copy of the document to be served on all registered participants identified on the Notice of Electronic Filing.

/s/ Kathryn K. Van Namen
Kathryn K. Van Namen

BUTLER SNOW LLP

*Counsel for Defendants CTC Property LLC and MZX Tech LLC*